IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

COMPLAINT OF:

MARTIN MARIETTA
MATERIALS, INC., as Owner of    Civil Action No. 5:04CV127
the M/V Paul D for Exoneration                    (STAMP)
from or Limitation of Liability.

**MEMORANDUM OPINION AND ORDER
GRANTING JOHN E. CAMPBELL'S MOTION
TO LIFT STAY OF STATE COURT PROCEEDING,
DENYING JOHN E. CAMPBELL'S MOTION TO STRIKE,
AND DENYING WITHOUT PREJUDICE JOHN E. CAMPBELL'S
MOTION FOR DUE APPRAISEMENT AND TO INCREASE
THE VALUE OF THE LIMITATION FUND**

I.  Procedural History

On November 10, 2004, the plaintiff, Martin Marietta Materials, Inc. ("Martin Marietta"), filed a complaint in this Court seeking exoneration from or limitation of liability with respect to an admiralty claim asserted by the defendant, John E. Campbell ("Campbell"), in the Circuit Court of Wetzel County, West Virginia.[1] On that same date, Martin Marietta filed a motion for: (1) approval of the ad interim stipulation for value in the amount of $150,000 and letter of undertaking; (2) a order from this Court requiring all parties with claims stemming from the same incident to come forward by January 11, 2005, and for public notice of this deadline to be issued in the Wheeling News Register for four

---

[1] Civil Action No. 04-3-CCM.  This underlying case states a claim under the Jones Act, 46 U.S.C. Appx. § 688, and under general maritime law for personal injury damages and a contractual claim for breach of the duty to provide maintenance and cure benefits.

successive weeks prior to that date; and (3) issuance of a stay and injunction of the institution or further prosecution of any and all suits, actions, or legal proceedings against Martin Marietta arising out of the incident that is the subject of this complaint. This Court entered an order granting Martin Marietta's motion on November 18, 2004.

On January 10, 2005, Campbell filed a motion for due appraisement and to increase the value of the limitation fund. Martin Marietta responded and Campbell replied. On February 17, 2005, Campbell filed a motion for this Court to lift the stay of the underlying state court case. Concurrently, Campbell filed a stipulation regarding the jurisdiction of this Court to decide the exoneration/limitation of liability claim.[2] Martin Marietta filed an untimely response in opposition to the motion for due

---

[2] The stipulation states:

    1. That this Court has full and exclusive jurisdiction to determine whether or not Martin Marietta Materials, Inc. has the right to limit its liability to this claimant.
    2. That any claim of res judicata based on judgment in any other court with respect to the issues of limitation of liability reserved to this court is waived by the claimant.
    3. That this court has full and exclusive jurisdiction to determine the value of the limitation fund.
    4. That this court has full and exclusive jurisdiction to decide all matters effecting the right of Martin Marietta to limit liability.

See Stipulation, Doc. 20, filed February 17, 2005.

appraisement.  Campbell then filed a motion to strike Martin Marietta's response and, alternatively, a reply memorandum.

This Court has considered Campbell's motions, the parties' memoranda, the relevant aspects of the record, and the applicable law.  Upon review, this Court finds that Campbell's motion to lift the stay of the underlying state court case should be granted, Campbell's motion to strike should be denied, and Campbell's motion for due appraisement and to increase the value of the limitation fund should be denied without prejudice for refiling once it becomes relevant.

## II. Facts

This action stems from an accident that occurred on board a towboat known as the M/V Paul D, which is owned and operated by Martin Marietta.  Campbell alleges in the underlying state court action that on February 28, 2004, he injured himself in an unwitnessed accident when both of his hands were forced through a glass window in the vessel's galley.  Martin Marietta contends that any losses, damages, or injuries alleged by Campbell or others as a result of the alleged incident were caused by the fault, intentional actions, negligence, and/or carelessness of Campbell, and occurred without Martin Marietta's privity or knowledge.

Martin Marietta alleges that the claims asserted against it or its vessel could potentially exceed the value of the M/V Paul D and its freight then pending.  Consequently, it seeks exoneration from

and/or limitation of liability pursuant to 46 U.S.C. §§ 181 through 195.

## III. Applicable Law

Martin Marietta specifically seeks the application of 46 U.S.C. Appx. § 185, which states in pertinent part:

> The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of the United States of competent jurisdiction for limitation of liability within the provisions of this chapter, as amended, and the owner (a) shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the interest of such owner in the vessel and freight, or approved security therefor, and in addition such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of section 4283, as amended [46 U.S.C. Appx. § 183], . . . Upon compliance with the requirements of this section all claims and proceedings against the owner with respect to the matter in question shall cease.

42 U.S.C. Appx. § 185.

## IV. Discussion

A. Motion to Lift Stay of State Court Action

Campbell argues that this Court should lift the stay of the state court action in Wetzel County because: (1) the claimant has the right to pursue claims in the forum of his choice before a jury upon stipulating that this Court must decide all limitation of liability issues; and (2) the claimant's cause of action for breach of obligation to pay maintenance and cure benefits is not subject to an action for exoneration or limitation of liability.

Martin Marietta's response was untimely. It argues that the law requires the claimant in an action for exoneration from or limitation of liability to make additional stipulations before lifting the stay on a state court proceeding -- specifically, that this Court has exclusive jurisdiction to determine "all issues related to" Martin Marietta's right to limit liability. In addition, Martin Marietta denies that it was ever obligated to pay maintenance and cure benefits -- in essence, Martin Marietta denies that the plaintiff has a cognizable claim for maintenance and cure.

In reply, Campbell first seeks to have Martin Marietta's response stricken as untimely. Alternatively, he argues that there is no universal stipulation that must be provided, but that different circuits have required different stipulations. Further, he argues that Martin Marietta has conceded that the claim for maintenance and cure is appropriately heard in state court, and contests Martin Marietta making its arguments on the merits in this Court.

First, this Court finds that it must deny Campbell's motion to strike Martin Marietta's response as untimely. Federal Rule of Civil Procedure 12(f) states in relevant part: "Upon motion made by a party before responding to a pleading . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The standard upon which a motion to strike is measured places a

5

substantial burden on the moving party. "A motion to strike is a drastic remedy which is disfavored by the courts and infrequently granted." Clark v. Milam, 152 F.R.D. 66, 70 (S.D. W. Va. 1993). Generally, such motions are denied "unless the allegations attacked have no possible relation to the controversy and may prejudice the other party." Steuart Inv. Co. v. Bauer Dredging Constr. Co., 323 F. Supp. 907, 909 (D. Md. 1971). Moreover, "where there is any question of fact or any substantial question of law, the court should refrain from acting until some later time when these issues can be more appropriately dealt with." United States v. Fairchild Industries, Inc., 766 F. Supp. 405 (D. Md. 1991).

While this Court notes that Martin Marietta's response was untimely, it believes that granting the motion to strike is too drastic a consequence. Moreover, it is more beneficial to consider the arguments of both parties in addressing the motion to lift the stay of the state court action. Accordingly, Campbell's motion to strike Martin Marietta's response as untimely is denied.

Next, this Court will address Campbell's motion to lift the stay of the state court action pending in Wetzel County. In Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438 (2001), the Supreme Court of the United States stated:

> The district courts have jurisdiction over actions arising under the Limitation Act, and they have the discretion to stay or dismiss Limitation Act proceedings to allow a suitor to pursue his claims in state court. If the district court concludes that the vessel owner's right to limitation will not be adequately protected --

6

where for example a group of claimants cannot agree on appropriate stipulations or there is uncertainty concerning the adequacy of the fund or the number of claims -- the court may proceed to adjudicate the merits, deciding the issues of liability and limitation.

Id. at 454.

In this case, Martin Marietta argues that this Court should not lift the stay because the stipulation made by the plaintiff is not legally sufficient. Specifically, Martin Marietta contends that the stipulation only concedes this Court's exclusive jurisdiction to determine "all matters <u>effecting</u> (sic) the right of Martin Marietta to limit liability" rather than "all issues <u>related to</u>" this right. In support of this argument, Martin Marietta cites <u>Texaco, Inc. v. Williams</u>, 47 F.3d 765, 767 (5th Cir. 1995). However, the language in <u>Texaco</u> stems from the Supreme Court's holding in <u>Ex Parte Green</u>, 286 U.S. 437 (1932), which states in pertinent part:

> "All that the petitioner can fairly claim is that he should not be subject to a personal judgment for an indefinite amount and beyond the value of his interest in the [vessel] and her freight. . . . if it should hereafter appear in the course of the proceedings in the state court that a question is raised as to the right of petitioner to a limited liability, this court has exclusive cognizance of such a question . . . and the decision upon the question of the injunction is predicated upon the assumption that that question is not involved in the suit in the state court, and that the only questions to be decided there are, first, whether the defendant is liable at all, and, if so, as to the value of the vessel and her freight, which is the limit of defendant's liability."
>
> It is clear from our opinion that the state court has no jurisdiction to determine the question of the owner's

> right to a limited liability, and that if the value of the vessel be not accepted as the limit of the owner's liability, the federal court is authorized to resume jurisdiction and dispose of the whole case.

Id. at 439 (quoting The Lotta, 150 F. 219, 223 (D.S.C. 1907)). After reading this language, this Court is satisfied that the difference between "all issues relating to" and "all matters effecting (sic)" is mere semantics. The underlying goal of the stipulation is to ensure that the plaintiff recognizes this Court's exclusive right to determine whether the owner is entitled to limited liability and the value of the vessel and its cargo. This Court finds that the plaintiff's agreement is clear from the language of the stipulation. Moreover, the United States Court of Appeals for the Eighth Circuit approved a similar stipulation in Valley Line Co. Michael Ryan, 771 F.2d 366 (8th Cir. 1985). The court noted that the plaintiff's stipulation conceded the district court's exclusive jurisdiction

> to determine <u>all matters affecting [the vessel owner's] right to limit its liability</u> and waived any right to assert a claim of res judicata based on a state court judgment. While [the plaintiff] did not concede the value of the limitation fund, he did concede the exclusive jurisdiction of the district court to determine that issue.

Id. at 373 (emphasis added). The plaintiff's stipulation in this case is nearly identical -- it agrees that: (1) this Court has exclusive jurisdiction to determine whether Martin Marietta has the right to limit its liability; (2) any claim of res judicata is waived as to the issues of limitation of liability reserved to this

Court; (3) this Court has full and exclusive jurisdiction to determine the value of the limitation fund; and (4) this Court has full and exclusive jurisdiction to decide all matters affecting the right of Martin Marietta to limit liability. Thus, this Court is satisfied that the plaintiff's stipulation is legally sufficient to justify granting the plaintiff's motion to lift the stay of the Wetzel County action.

Further, this Court notes that the merits of the maintenance and cure action are not at issue in this action, and must be reserved for decision by the state court. Thus, this Court will not address Martin Marietta's arguments with respect to the viability of the plaintiff's claim.

B. <u>Motion for Due Appraisement and to Increase the Value of the Limitation Fund</u>

Campbell requests that the funds deposited in the Court or the security given by Martin Marietta be increased on the ground that Martin Marietta's interest in the towboat known as M/V Paul D, its flotilla, and its pending freight, is greater than $150,000. Pursuant to the "flotilla doctrine," Campbell argues that all of the attached barges should be considered one vessel for limitation purposes and their value should be included in the limitation fund. Martin Marietta claims that the amount placed in the limitation fund is proper and the "flotilla doctrine" cited by Campbell is inapplicable in this case because the Fourth Circuit has never

9

adopted it. In reply, Campbell argues that while the Fourth Circuit has never adopted the flotilla doctrine, it has never rejected it either. Campbell further argues that there is a split of authority in the Fourth Circuit district courts as to whether the flotilla doctrine is applicable.

This issue could potentially become moot if Campbell does not receive a judgment in his favor in the state court, or if the state court judgment does not exceed the limitation fund as it currently exists. Thus, this Court must deny this motion without prejudice for refiling after the state court has rendered a judgment in the underlying liability action. See Norfolk Dredging Co. v. Wiley, 357 F. Supp. 2d 944 (E.D. Va. 2005).

## V. Conclusion

For the reasons stated above, Campbell's motion to lift the stay in the state court proceeding is GRANTED, Campbell's motion to strike is DENIED, and Campbell's motion for due appraisement and to increase the value of the limitation fund is hereby DENIED WITHOUT PREJUDICE for refiling after the state court renders judgment.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     June 1, 2005

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE